PER CURIAM:
On January 24,1994, at 4:30 a.m., the claimant was driving his 1984 four wheel drive *150 Toyota truck north on Route 10 near the outskirts of Chapmanville, Logan County. While claimant was proceeding between 30 and 40 miles per hour, his vehicle struck a block of ice located in the center of the claimant’s lane. The block of ice was approximately one and a half feet high and two feet wide. The claimant was unable to avoid the obstacle due to an oncoming truck and a steep hillside on each side of the vehicle. As a result of the accident, the vehicle sustained extensive damage to the steering unit and transmission. The claimant also suffered injuries to his neck and back. The claimant seeks a total award of $1,914.66 for repairs to his vehicle and medical expenses.
Route 10 is a two lane top priority road. The Logan County Assistant Supervisor, Curley Belcher, testified that his responsibilities include road maintenance along Route 10 near Chapmanville. He was unaware of any problems with obstacles on Route 10 either before or after the claimant’s accident.
The record in this claim indicates that the block of ice was very similar in nature to rocks which fall upon roads throughout the State. Therefore, the Court will apply the same legal standard for the block of ice as it would for a rock upon the road. In past decisions the Court has adhered to the principle that the State neither insures or guarantees the safety of motorists on its highways, but is responsible for exercising reasonable care under all the circumstances in which it maintains the roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). Moreover, the Court has consistently held that the unexplained appearance of a rock upon the highway without a positive showing that the respondent knew or should have known of a defect is insufficient to justify an award. See Hammond v. Dept. of Highways, 11 Ct.Cl. 234 (1974); Adkins v. Dept. of Highways, 13 Ct.Cl. 307 (1980); Coburn v. Dept. of Highways, 16 Ct.Cl. 68 (1986).
A review of the evidence in this claim establishes that the respondent had no knowledge of the ice block, or that it should have known of the ice block had fallen onto the road. Therefore, the claimant has not proven the respondent was negligent. For these reasons, the Court is of the opinion to and does deny this claim.
Claim disallowed.